*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO AUGUST 20, 2019

```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * *
                                 *
UNITED STATES OF AMERICA         *
                                 *  18-cr-110-JD
             v.                  *  July 13, 2018
                                 *  3:24 p.m.
ZACHARY BENOIT                   *
                                 *
* * * * * * * * * * * * * * * * *


        TRANSCRIPT OF RECORDED ARRAIGNMENT HEARING
       BEFORE MAGISTRATE JUDGE ANDREA K. JOHNSTONE
```

Appearances:

For the Government:        Helen W. Fitzgibbon, AUSA
                           United States Attorney's Office


For the Defendant:         Dorothy E. Graham, Esq.
                           Federal Defender's Office


Probation Officer:         Karin Hess

1                   P R O C E E D I N G S

2         (Deputy clerk begins speaking before
3 electronic recording begins.)
4         THE CLERK: -- arraignment in criminal case
5 18-cr-110-01-JD, United States vs. Zachary Benoit.
6         THE COURT: Good afternoon.
7         Mr. Benoit, would you stand, please?
8         THE DEFENDANT: Okay.
9         THE COURT: Mr. Benoit, you are not required
10 to make any statement in this matter. You don't need to
11 say anything to anyone. If you start to make a
12 statement, you have the right to stop at any time.
13 Anything you say may be used against you.
14         Do you understand those rights, sir?
15         THE DEFENDANT: Yes, I do.
16         THE COURT: You have the right to counsel at
17 every step in the proceedings. You can hire your own
18 attorney or, if you cannot afford to hire your own
19 lawyer, you can apply to the Court and the Court will
20 appoint an attorney for you.
21         Do you understand that right?
22         THE DEFENDANT: Yes, I do.
23         THE COURT: Now, in this case, Mr. Benoit,
24 you've asked the Court to appoint an attorney for you
25 and you've provided the Court with a financial

1 affidavit.
2             And so I need to ask you, under penalties of
3 perjury, is the information in your financial affidavit
4 true?
5             THE DEFENDANT:  Yes, it is.
6             THE COURT:  Okay.  Very good.  Then based on
7 your request and the information in your financial
8 affidavit, the Court appoints Attorney Graham as your
9 counsel in this case under the Criminal Justice Act.
10             Now, Mr. Benoit, you've been brought before
11 the Court today because a grand jury has brought an
12 indictment against you charging you with transportation
13 of child pornography in violation of Title 18
14 United States Code Section 2252(a)(1) and possession of
15 child pornography in violation of Title 18 United States
16 Code Section 2252(a)(4)(B).
17             Have you received a copy of the indictment?
18             THE DEFENDANT:  Yes, I have.
19             THE COURT:  And, Attorney Graham, have you had
20 an opportunity to review the charges with Mr. Benoit?
21             MS. GRAHAM:  Yes, your Honor.
22             THE COURT:  And does he waive the formal
23 reading of the charges at this time?
24             MS. GRAHAM:  Yes, your Honor.
25             THE COURT:  And how does your client now

1 plead?

2 MS. GRAHAM: Not guilty.

3 THE COURT: Does the government have an
4 estimated length of trial?

5 MS. FITZGIBBON: Just two to three days, your
6 Honor, not complex.

7 THE COURT: Thank you. Trial in this matter
8 is scheduled for the two-week period beginning September
9 5, 2018, and it will be before Judge DiClerico.

10 The Court has had an opportunity to review the
11 pretrial services report prepared in this case and the
12 recommendations made by probation.

13 Is the government seeking detention?

14 MS. FITZGIBBON: We're not, your Honor. We
15 are in agreement with the conditions. We would ask to
16 ensure that there is no computer. I noticed a
17 PlayStation. Some do have some Internet capabilities.
18 So that would be a condition, that -- absolutely no
19 computer use.

20 It's my understanding, your Honor, that the
21 family is here and have agreed to password-protect any
22 computers that belong to them and not allow the
23 defendant's use of those computers.

24 THE COURT: Okay. All right.

25 MS. GRAHAM: That's correct. I have spoken

1    with his parents.  I know that there is a brother that
2    resides there and I'm sure that they will communicate --
3    or probation will, I'm sure, make sure to communicate
4    that it should be password-protected as well.
5              THE COURT:  Okay.  So there were a couple of
6    other details I think that we need to talk about.  So if
7    everyone wants to have a seat, we can talk about them a
8    little more informally.
9              So -- and this may require some input from
10   you, Mr. and Mrs. Benoit, as well.
11             I did note in the report that was prepared by
12   probation that there's an antique gun at the residence,
13   there's some type of a replica, and also an Airsoft
14   pistol.  It's not necessarily that I think those would
15   inflict harm on someone, but here's what I'm concerned
16   about is that if someone's -- if there's supervision
17   going on and someone has those on their person or is
18   using them in some way that that could cause an
19   unnecessary conflict or present some unnecessary risk.
20             So what I'd like to inquire about is whether
21   or not Mr. and Mrs. Benoit would have a friend or a
22   family member or some other location where they might be
23   able to store those two pieces of property.
24             So I guess, Mr. and Mrs. Benoit, do you have a
25   friend or a relative that you could give those two

1  devices --
2          MRS. BENOIT:  Yes, I do.
3          THE COURT:  -- those two things to?
4          Okay.  What I'm going to do then is there's a
5  section in my proposed order that involves refraining
6  from possessing a destructive device or other dangerous
7  weapons.  And I'm just going to indicate there that the
8  Airsoft pistol and the antique replica rifle will be
9  removed from the premises and that you'll just provide
10 confirmation.
11         Could you do that by Monday?
12         MRS. BENOIT:  Yes.
13         THE COURT:  All right.  Give me just a moment
14 then, please.
15         THE COURT:  Okay.  So Mrs. Benoit, what I'd
16 like to have happen is that whoever you ask to be the
17 custodian of those two items will provide you with a
18 receipt acknowledging that you've given them to them,
19 the date, and what the two items are and that they're
20 holding them.  And then you'll provide a copy of that
21 receipt to probation.
22         MRS. BENOIT:  Okay.
23         THE COURT:  Okay?  All right.  So that was the
24 first thing that I had a question about.
25         The other issue is that my understanding is

1   that there is currently call waiting and maybe caller ID
2   on a landline at the Benoit residence and those will
3   need to be removed from the landline service in order
4   for us to install electronic monitoring.
5           So I'd like to do the following.  We're not
6   going to be able to get that EM done today, so I'm going
7   to give probation until the close of business on Monday
8   to see if they can get it operationalized.
9           So that will mean that Mrs. Benoit or the
10  Benoit family will need to call their phone provider,
11  get those two services removed from your phone service,
12  or those two features removed from your phone service,
13  and then it also means that we won't be able to get
14  electronic monitoring implemented right away.
15          So I'm advocating -- I'm going to -- I want to
16  talk to you all about the concept of having Mr. Benoit
17  on temporary home incarceration until such time as
18  electronic monitoring can be operationalized.
19          Attorney Graham, what's your position with
20  regard to that?
21          MS. GRAHAM:  May I just have one moment?
22          THE COURT:  Certainly.
23          MS. GRAHAM:  That's fine, your Honor.
24          And, I'm sorry, I heard call waiting.  What
25  was the other?

|   |   |
|---|---|
| 1 | THE COURT:  Caller ID. |
| 2 | MS. GRAHAM:  Oh, caller ID. |
| 3 | THE COURT:  Yes. |
| 4 | MS. GRAHAM:  Thank you. |
| 5 | THE COURT:  So give me just a moment and then |
| 6 | I'll go back to my list of things that we need to |
| 7 | identify and talk about. |
| 8 | Mrs. Benoit, do you think you can get those |
| 9 | features canceled on your phone at the residence by nine |
| 10 | o'clock on Monday? |
| 11 | MRS. BENOIT:  I can call and hope so. |
| 12 | THE COURT:  Okay.  It usually happens very |
| 13 | quickly once you make the call, so I'm even going to |
| 14 | suggest that you try to place a call to your provider |
| 15 | today -- |
| 16 | MRS. BENOIT:  Uh-huh. |
| 17 | THE COURT:  -- if you can do so after we |
| 18 | finish.  All right? |
| 19 | MRS. BENOIT:  Yes. |
| 20 | THE COURT:  Very good.  Thank you. |
| 21 | Okay.  So the other thing I did want to talk |
| 22 | about is I think that we'll be able to address concerns |
| 23 | about other family members' gaming equipment by having |
| 24 | it password-protected and also any other electronic |
| 25 | devices.  So that includes anything that's |

```
 1   Internet-capable.  All right?
 2            So what I'll need the other members of the
 3   Benoit family to do is to not provide those passwords to
 4   Zachary and I'll also need you to provide confirmation
 5   that the password-protection has happened to probation.
 6   So that's going to include what device and the password
 7   that goes with that device.  All right?  But obviously
 8   you need to be mindful of the fact that when you're
 9   making those communications, Zachary can't be part of
10   those or overhear them and they also can't be written
11   down in a way or stored in a way that he's going to be
12   able to access them or see them.
13            MRS. BENOIT:  Okay.
14            THE COURT:  Okay?  And so that leaves me with
15   one other loose end, and that is that I understand that
16   Zachary also has gaming equipment.  I think there was
17   some -- a mention of an Xbox or a PlayStation 3.
18            So I'm wondering if perhaps the same family
19   member or friend that's going to be taking custody of
20   the Airsoft gun and the rifle might be willing to take
21   custody of the PlayStation.
22            MRS. BENOIT:  Sure.
23            THE COURT:  All right.  So we'll need the same
24   written confirmation from the custodian as to any game
25   equipment that's Zachary's.
```

1           MRS. BENOIT:  Okay.
2           THE COURT:  All right?  Okay.  All right.
3  Those were all of the things that I had on my
4  housekeeping list.  Let me just check with probation to
5  see if I've missed anything.
6           THE PROBATION OFFICER:  I don't think you
7  have, your Honor.
8           THE COURT:  All right.  Very good.  So
9  something may come up as I go through the list and if as
10 I'm going through this, anyone -- and that includes you,
11 Mr. and Mrs. Benoit; if there's anything that jumps out
12 at you as something that you don't understand or that
13 you're not sure you're going to be able to
14 operationalize in the time frame I'm describing, you
15 don't need to say anything to me; just stand up, let me
16 know that you need to communicate with your son's
17 attorney, and I'll either come off the bench and you can
18 have a private conversation about that or, you know, we
19 can address it at some other time.  All right?
20          Okay.  Very good.
21          Okay.  So I think I've covered all of the
22 issues generally that we needed to talk about informally
23 before reviewing my order setting conditions of release
24 with Mr. Benoit.
25          And, again, what I'm going to remind you of,

1  Mr. Benoit, is as I go through this with you, if you
2  don't understand something, stop me, talk with Attorney
3  Graham about it.  She's either going to tell you, we'll
4  talk about it later, or she's going to let me know that
5  there's something that I need to clarify or something
6  we've missed in terms of a detail about some of the
7  logistics of things, or she's going to ask you to
8  address me.
9              THE DEFENDANT:  Okay.
10             THE COURT:  All right?  But don't speak to the
11 Court unless you've gotten permission from her to do so.
12 Okay?
13             THE DEFENDANT:  Yes.
14             THE COURT:  All right.  Very good.
15             And I will give counsel an opportunity to
16 comment on the conditions before we finalize things.
17             All right.  Mr. Benoit, I'm going to ask you
18 to stand, please, so that I can review with you my order
19 of setting conditions of release.
20             Mr. Benoit, it is ordered that you be released
21 subject to the following conditions:
22             You shall not commit any offense in violation
23 of federal, state, or local law while on release in this
24 case.
25             You must cooperate in the collection of

1  a DNA sample if the collection is authorized by
2  42 United States Code Section 14135a.
3          You shall immediately advise the Court,
4  defense counsel, and the United States Attorney in
5  writing before any change in address and telephone
6  number and you shall appear at all proceedings as
7  required and shall surrender for service of any sentence
8  imposed or as directed.
9          You shall report on a regular basis as
10 directed by the supervising officer and you shall
11 maintain or actively seek employment.
12         You shall refrain from possessing a firearm,
13 destructive device, or other dangerous weapons.  And
14 with regard to the Airsoft pistol and antique rifle,
15 those will be removed from your residence and you shall
16 provide written confirmation to probation of their
17 removal by a receipt from the custodian who's holding
18 them.
19         You shall obtain no passport.
20         You shall submit to any method of testing
21 required by the supervising officer for determining
22 whether you are using a prohibited substance.
23 Sufficient methods may be used with random frequency and
24 include urine testing, the wearing of a sweat patch, a
25 remote alcohol testing system and/or any form of

1  prohibited substance screening or testing.
2            You shall refrain from obstructing or
3  attempting to obstruct or tamper in any fashion with the
4  efficiency and accuracy of any prohibited substance
5  testing or electronic monitoring which is required as a
6  condition of release.
7            You shall meaningfully participate in and
8  complete a program of inpatient or outpatient substance
9  abuse therapy and counseling if deemed advisable by your
10 supervising officer.
11           Your travel is restricted to the state of New
12 Hampshire and any other travel must be preapproved by
13 the supervising officer.
14           So I know that you don't live far from the
15 Vermont border, for example.  You can't travel to
16 Vermont without preapproval.  All right?  And that
17 includes anywhere outside of New Hampshire, but that's
18 one that might not be so obvious to you.  So I just
19 wanted to make that clear.
20           You shall avoid all contact, directly or
21 indirectly, with any persons who are or who may become a
22 victim or potential witness in the subject investigation
23 or prosecution.
24           You shall have no unsupervised contact with
25 any minor children and you shall refrain from any use of

1  alcohol.
2       You shall participate in the following home
3  confinement program components and abide by all the
4  requirements of the program:
5       Curfew:  You are restricted to your residence
6  every day as directed by the supervising officer.  And
7  that curfew condition is going to go into effect once
8  the electronic monitoring is installed.  Okay?
9       So prior to that time, sir, you will be
10 temporarily subject to home incarceration and you are
11 restricted to your residence at all times except for
12 medical needs or treatment, religious services and court
13 appearances, and those need to be preapproved by the
14 supervising officer until electronic monitoring can be
15 installed and is operational.
16      Probation shall have until 4:00 p.m. on
17 Monday, July 16th, to install electronic monitoring
18 equipment.
19      You shall cancel call waiting and caller ID
20 features on the residence landline.  That needs to be
21 done by 9:00 a.m. on Monday, July 16th, 2018.
22      And in the event that electronic monitoring
23 cannot be operationalized by Monday, July 16th, 2018,
24 your condition of home incarceration will continue and a
25 bail review hearing will be scheduled.

1           You shall refrain from use or unlawful use or
2  possession of a narcotic drug or other controlled
3  substances as defined in Title 21 United States Code
4  Section 802 unless prescribed by a licensed medical
5  practitioner.
6           And, excuse me; I missed one thing.
7           Your home confinement program will include
8  electronic monitoring or other location verification
9  system and you will be responsible for paying all or
10 part of the cost of the program based on your ability to
11 pay as determined by the supervising officer.
12          You shall report as soon as possible to the
13 supervising officer any contact with any law enforcement
14 personnel, including but not limited to any questioning,
15 arrest, or traffic stop.
16          You shall participate in the following
17 computer restriction or monitoring program:  You shall
18 refrain from the possession or use of a computer or any
19 Internet-capable device.
20          And just so that you're clear, sir, electronic
21 gaming equipment is considered an Internet-capable
22 device.
23          THE DEFENDANT:  Yes.
24          THE COURT:  Okay, sir?
25          You shall have no access to the Internet and

1 you shall submit to the search of any computer owned or
2 under your control.
3        And, finally, with regard to electronic and
4 Internet-capable devices:  Computers, cell phones and
5 Internet-capable devices, including gaming devices
6 and/or gaming equipment belonging to other members of
7 the residence, shall be password-protected.  The
8 passwords shall not be provided to you and confirmation
9 of the password-protection and the passwords of each
10 device shall be provided to probation by Monday, July
11 16th, 2018.
12        Mr. -- you shall surrender all gaming
13 equipment and shall provide confirmation from the
14 custodian by Monday, July 16th.  And that will be
15 provided to probation.
16        Counsel, any comments on the conditions as
17 I've reviewed them with Mr. Benoit?
18        MS. FITZGIBBON:  We are in agreement, your
19 Honor.  Thank you.
20        MS. GRAHAM:  No, your Honor.
21        THE COURT:  Mr. Benoit, do you understand the
22 conditions as I've reviewed them with you?
23        THE DEFENDANT:  Yes, I do.
24        THE COURT:  If you do not appear as ordered in
25 this court, you commit a separate crime.  Do you

17

1   understand that?
2           THE DEFENDANT:  Yes.
3           THE COURT:  And if you violate any of the
4   conditions, you could be arrested, held in jail until
5   trial, and maybe found in contempt.  Do you understand,
6   sir?
7           THE DEFENDANT:  Yes, I do.
8           THE COURT:  Okay.  Very good.
9           So what's going to happen next is there's some
10  paperwork that needs to be reviewed with you.  There may
11  be some additional processing that you need to do and in
12  that event, you're going to need to sort of stick around
13  and take care of those things.
14          I also just want to remind you that if you
15  have any difficulty at all with the timing of any of the
16  things that I've placed in my order setting your
17  conditions of release, I'm going to encourage you to
18  reach out to your attorney as quickly as possible, let
19  your supervising officer know, and let the United States
20  Attorney's Office know.
21          THE DEFENDANT:  Okay.
22          THE COURT:  Okay?  All right.  Very good.  And
23  have I provided you with the trial date?  There you go.
24  Trial is scheduled for the two-week period beginning
25  September 5, 2018, and it is before Judge DiClerico.

```
 1                  All right.  So with that, there's, as I said,
 2    some paperwork that you need to review and sign and then
 3    after processing, you'll be free to leave.  All right?
 4                  THE DEFENDANT:  Thank you very much.
 5                  THE COURT:  Very good.  Thank you.
 6                  (Proceedings concluded at 3:47 p.m.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

I, Liza W. Dubois, do hereby certify that the foregoing transcript is true and accurate to the best of my ability and belief.

Submitted: 5/22/19

*Liza W. Dubois*

Liza Dubois, RMR, CRR
Licensed Court Reporter No. 104
State of New Hampshire