*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO AUGUST 20, 2019

```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * * *
                                   *
UNITED STATES OF AMERICA           *
                                   *   18-cr-110-JD
              v.                   *   November 7, 2018
                                   *   10:03 a.m.
ZACHARY BENOIT                     *
                                   *
* * * * * * * * * * * * * * * * * *


              TRANSCRIPT OF CHANGE OF PLEA HEARING
         BEFORE THE HONORABLE JOSEPH A. DiCLERICO, JR.
```

Appearances:

For the Government:        Helen W. Fitzgibbon, AUSA
                           United States Attorney's Office


For the Defendant:         Dorothy E. Graham, Esq.
                           Federal Defender's Office


Probation Officer:         Theresa Duncan


Court Reporter:            Liza W. Dubois, RMR, CRR
                           Official Court Reporter
                           United States District Court
                           55 Pleasant Street
                           Concord, New Hampshire 03301
                           (603)225-1442

1                    P R O C E E D I N G S
2              THE CLERK:  The Court has before it for
3    consideration today a change of plea hearing in criminal
4    case 18-cr-110-01-JD, United States vs. Zachary Benoit.
5              Would the defendant please stand and raise
6    your right hand.
7              (Defendant sworn by the deputy clerk.)
8              THE CLERK:  And, for the record, please state
9    your name and spell your last name.
10             THE DEFENDANT:  My name is Zachary Benoit,
11   Zachary Allen-Carter Benoit.  My last name is
12   B-e-n-o-i-t.
13             THE CLERK:  Thank you.
14             THE COURT:  Good morning.
15             MS. GRAHAM:  Good morning.
16             THE COURT:  Mr. Benoit, the Court will be
17   asking you a number of questions over the next 20 or 25
18   minutes.  You've just taken an oath, so you have an
19   obligation to answer my questions truthfully.
20             THE DEFENDANT:  Yes.
21             THE COURT:  If you do not answer my questions
22   truthfully, you could be charged with perjury or with
23   making false statements and those statements could be
24   used against you.
25             It's in your interest to answer my questions

truthfully because it's my responsibility to determine if you understand what you're doing this morning and the consequences of what you're doing.

So if you do not understand any of my questions, please let me know. And if you would like to speak to Ms. Graham at any time, go right ahead and do so.

So you and she can converse readily, you can both remain seated during our discussion.

MS. GRAHAM: Thank you.

THE DEFENDANT: Thank you, your Honor.

THE COURT: How old are you, Mr. Benoit?

THE DEFENDANT: 28 years old.

THE COURT: And how much education have you had?

THE DEFENDANT: Up to tenth grade.

THE COURT: You can read and write English reasonably well?

THE DEFENDANT: Yes.

THE COURT: What type of work do you do?

THE DEFENDANT: Currently I am in a manufacturing plant making paint rollers.

THE COURT: Have you ever been treated by a doctor or a hospital for any form of a mental illness or mental disability?

1        THE DEFENDANT:  No.
2        THE COURT:  Do you have a drug or an alcohol
3    problem?
4        THE DEFENDANT:  No.  I've used drugs and
5    alcohol before, but I haven't -- before I got -- excuse
6    me.  Before I got arrested.  So ...
7        THE COURT:  All right.  Right now are you
8    under the influence of any drugs or any alcohol?
9        THE DEFENDANT:  No.
10       THE COURT:  Are you taking any prescription
11   medication?
12       THE DEFENDANT:  No.
13       THE COURT:  Have you told your attorney
14   everything you know about your case?
15       THE DEFENDANT:  To my knowledge, yes.
16       THE COURT:  And are you satisfied with the
17   representation that you've been provided by her up to
18   this point in time?
19       THE DEFENDANT:  Yes.
20       THE COURT:  Now, the Court has before it a
21   document entitled Acknowledgment and Waiver of Rights
22   and your signature appears on the next to the last page.
23       Did you sign this agreement?
24       THE DEFENDANT:  Yes, I did.
25       THE COURT:  Did you sign it freely and

1  voluntarily?
2           THE DEFENDANT:  Yes, I did.
3           THE COURT:  Did you review it with Ms. Graham
4  before you signed it?
5           THE DEFENDANT:  Yes.
6           THE COURT:  Are you satisfied, Ms. Graham,
7  that your client understands the terms and conditions of
8  this acknowledgment?
9           MS. GRAHAM:  Yes, your Honor.
10          THE COURT:  Now, under this acknowledgment,
11 Mr. Benoit, you intend to plead guilty to a two-count
12 indictment that charges you with transportation of child
13 pornography and possession of child pornography.  You
14 understand these are both felonies?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Do you know what the maximum term
17 of imprisonment is under the statute for the
18 transportation charge?
19          THE DEFENDANT:  I do.
20          THE COURT:  What is that?
21          THE DEFENDANT:  20 years.
22          THE COURT:  That's correct.  Now, that also
23 carries a mandatory minimum sentence of five years.  Do
24 you understand that?
25          THE DEFENDANT:  Yes.

1          THE COURT:  That means that as you sit here
2    today, the Court must impose a sentence of at least five
3    years.  Do you understand that?
4          THE DEFENDANT:  Yes, I do.
5          THE COURT:  Now, with respect to the
6    possession charge, do you know what the maximum term of
7    imprisonment is for that charge?
8          THE DEFENDANT:  Ten years.
9          THE COURT:  That's correct.
10         Now, you could also be fined up to $250,000.
11   Do you understand that?
12         THE DEFENDANT:  Yes.
13         THE COURT:  And you could face a term of
14   supervised release of -- from five years up to life.  Do
15   you understand that?
16         THE DEFENDANT:  Yes.
17         THE COURT:  And you're going to have to pay a
18   special assessment of $200.  Do you understand that?
19         THE DEFENDANT:  Yes.
20         THE COURT:  There may also be additional
21   financial penalties imposed due to the nature of this
22   offense that could amount to -- is it $5,000?
23         MS. FITZGIBBON:  Yes, your Honor, I believe it
24   is.  Yes.
25         THE COURT:  Yeah.  Do you understand that?

1 THE DEFENDANT: Yes.
2 THE COURT: And you could be required to --
3 under some circumstances to make restitution to any
4 victim. You understand that?
5 THE DEFENDANT: Yes.
6 THE COURT: If your plea is accepted, the
7 probation officer, who's seated to your right in the
8 courtroom, will prepare a Presentence Investigation
9 Report. That report will contain information about your
10 background and about your participation in these
11 offenses.
12 When the report is completed, you, your
13 attorney, and the government's attorney will receive a
14 copy. If you have any objections, you can try to work
15 those objections out with the officer.
16 To the extent that there are any objections
17 that you cannot work out, then the Court will resolve
18 those at your sentencing hearing.
19 At the sentencing hearing, the Court will
20 determine under the Federal Sentencing Guidelines what
21 the range -- sentencing range is for your case. The
22 Court will then consider those guidelines, along with
23 certain statutory factors, in determining what is a
24 reasonable and appropriate sentence for your case.
25 Do you understand that if the Court imposes a

1  sentence that is within the advisory guidelines or
2  outside of the guidelines, which it can do, that you
3  cannot withdraw your guilty plea?
4            THE DEFENDANT:  Yes.
5            THE COURT:  Do you understand that if you
6  receive a sentence that you did not hope to receive or
7  expect to receive, you cannot withdraw your guilty plea?
8            THE DEFENDANT:  Yes.
9            THE COURT:  Ms. Graham, have you reviewed the
10 possible application of the guidelines and sentencing
11 factors with your client?
12           MS. GRAHAM:  Yes, your Honor.
13           THE COURT:  Now, Ms. Graham may have given
14 you -- she may have given you an opinion or an estimate
15 as to what she thinks the sentence might be.  In the
16 end, it is the Court that will sentence you and if the
17 sentence is different from anything she has told you, do
18 you understand you cannot withdraw your guilty plea?
19           THE DEFENDANT:  Yes.
20           THE COURT:  When an individual enters a plea
21 of guilty, he gives up some very important
22 constitutional rights.
23           You have a right to persist in a plea of not
24 guilty and to go to trial before a jury, represented by
25 your attorney.  At that trial, you would have the

1  opportunity to see, to hear, and to question any
2  witnesses that the government called to testify against
3  you.  You would have the opportunity to subpoena
4  witnesses on your own behalf and to present to the jury
5  any defenses you have to these charges.
6          If you wanted to, you could testify on your
7  own behalf.  However, the government cannot call you and
8  require you to testify because you have a right against
9  self-incrimination.  If you were convicted, you could
10 appeal that conviction.
11         Do you understand that if you enter this plea
12 of guilty, you're going to give up all of those
13 important constitutional rights?
14         THE DEFENDANT:  Yes, I do.
15         THE COURT:  And do you give up those rights
16 freely and voluntarily?
17         THE DEFENDANT:  Yes.
18         THE COURT:  Now, with respect Count One of the
19 indictment, charging you with transporting child
20 pornography, there are certain material elements of that
21 offense that the government would have to prove to the
22 jury's satisfaction beyond a reasonable doubt.
23         First of all, that the -- the government would
24 have to prove that you knowingly transported or shipped
25 a visual depiction in interstate commerce by any means,

1  including a computer.
2          A person acts knowingly when he acts
3  voluntarily and deliberately and not mistakenly or
4  inadvertently.  In other words, you must have been aware
5  of what you were doing.
6          Interstate commerce means commerce between
7  states.  It means that that visual depiction must have
8  crossed a state line; secondly, the government would
9  have to prove that the production of that visual
10 depiction involved the use of a minor that engaged in
11 sexually explicit conduct; thirdly, that the visual
12 depiction was of a minor engaged in sexually explicit
13 conduct; fourthly, that you knew that that visual
14 depiction was of sexually explicit conduct; and, lastly,
15 that you knew that at least one of the persons engaged
16 in sexually explicit conduct in such visual depiction --
17 that at least one of the persons engaged in that
18 sexually explicit conduct in the visual depiction was a
19 minor.
20         Now, keeping those elements in mind, I'm going
21 to ask you if you admit to the allegations contained in
22 Count One which alleges that on a date uncertain, but
23 between June 18, 2017, and October 18, 2017, in the
24 district of New Hampshire and elsewhere, you knowingly
25 transported and shipped in interstate commerce by any

1  means, including by computer, a visual depiction,
2  specifically a video entitled "Young Video Models - Age
3  10 - Angelina 13-year-old (topless).avi" and a digital
4  image entitled FO -- "F08.jpg," the production of which
5  involved the use of a minor engaged in sexually explicit
6  conduct and which visual depiction was of such conduct,
7  in violation of the law.
8              Do you admit to those allegations?
9              THE DEFENDANT:  Yes, I do.
10             THE COURT:  Now, with respect Count Two, which
11 charges possession of child pornography, there are four
12 material elements, all of which the government would
13 have to prove to the jury's satisfaction beyond a
14 reasonable doubt.
15             First of all, that you knowingly possessed
16 material that you knew contained a visual depiction of a
17 minor engaged in sexually explicit conduct; secondly,
18 that you knew that the visual depiction contained in the
19 material was of or showed a minor engaged in sexually
20 explicit conduct; thirdly, that you knew the production
21 of that visual depiction involved the use of a minor
22 engaged in that conduct; and, fourthly, that the visual
23 depiction had either been mailed, shipped, or
24 transported in interstate or foreign commerce or had
25 been produced using material that had been mailed,

1  shipped, or transported in interstate or foreign
2  commerce by a computer or other means.
3           As I said before, interstate commerce means
4  that the depiction or the visual material must have
5  passed from one state to another, and in terms of
6  foreign commerce it would mean it must have passed in --
7  within the borders of the United States from outside of
8  the United States.
9           Now, keeping those elements in mind, I'm going
10 to ask you if you admit to the allegations contained in
11 Count Two, which alleges that on or about October 18,
12 2017, in the district of New Hampshire, you knowingly
13 possessed matter that contained an image and video of
14 child pornography as defined in the law, namely, a
15 visual depiction of sexually explicit conduct where the
16 production of such visual depiction involved the use of
17 a minor engaging in sexually explicit conduct that had
18 been mailed, shipped, and transported using any means or
19 facility of interstate and foreign commerce and in and
20 affecting interstate and foreign commerce by any means,
21 including by computer, and that was produced using
22 materials that had been mailed, shipped, and transported
23 in and affecting interstate or foreign commerce by any
24 means, including by computer, in violation of the law.
25           Do you admit to those allegations?

1 THE DEFENDANT: I do.
2 THE COURT: Now, the indictment also contains
3 a forfeiture allegation, which means that upon
4 conviction of these offenses, you would be required to
5 forfeit any of these visual depictions or materials
6 involved in this case along with any property, real or
7 personal, that you may have derived from these offenses
8 or that you used to commit these offenses. And that
9 forfeiture allegation in paragraphs (a) through (n) sets
10 forth certain specific items that will have to be
11 forfeited.
12 Do you understand that?
13 THE DEFENDANT: Yes, I do.
14 THE COURT: Now, the Court will ask the
15 government to state what facts the government would
16 intend to prove if these two counts went to trial.
17 MS. FITZGIBBON: Thank you, your Honor.
18 Should this case go to trial, the government
19 would offer the following to prove the indictment beyond
20 a reasonable doubt.
21 Testimony would be, your Honor, that between
22 June 8th, 2017, and October 2017, a detective with the
23 Grafton County Sheriff's Department was conducting an
24 undercover online investigation targeting individuals
25 involved in the sharing of illegal images of child

1 pornography.

2 The detective noticed the particular IP
3 address that I'll refer to as subject IP, that was
4 sharing files believed to contain child pornography.
5 And during this investigation, the detective was able to
6 view many of the suspect files, including video files,
7 and determined that they depicted child pornography as
8 defined in 18 U.S.C. 2252(a) and 2256.

9 The subject IP sharing the images was noted on
10 at least five separate occasions and in August of 2017,
11 Comcast Cable identified the accountholder as the
12 defendant, Zachary Benoit, of Canaan, New Hampshire, and
13 Comcast noted that the account status was active.
14 Further investigation by the detective confirmed that
15 Zachary Benoit lived at the identified address.

16 In September of 2016, the detective submitted
17 some of the hash values from the files downloaded from
18 the subject IP to the National Center for Missing and
19 Exploited Children and learned that several of the files
20 were listed as depicting identified children and were
21 listed as having a recognized hash value as known
22 victims with the national center's law enforcement.

23 In October of 2017, members of the Internet
24 Crimes Against Children Task Force and other law
25 enforcement executed a search warrant at the defendant's

1  residence.  On the same day, the defendant agreed to a
2  recorded interview.
3         Although the interview was voluntary, the
4  defendant was advised of his Miranda rights and made a
5  full confession.  He admitted to both possessing and
6  sharing child sexual abuse images and videos and told
7  law enforcement where they were located on various
8  electronic items, including his phone, laptop computer,
9  and thumb drive.  He further identified the software
10 platform he used to trade the images.
11         Follow-up forensic examination of the
12 defendant's devices, your Honor, found a significant
13 amount of child pornography.  The images were identified
14 as involving children from very young, infant, to adult
15 age.
16         A sample of those images were again submitted
17 to the National Center for Missing and Exploited
18 Children which identified at least 65 known images and
19 32 known videos, all of which, your Honor, had been
20 produced outside of the state of New Hampshire and were
21 contained on devices that were manufactured outside of
22 the district of New Hampshire.
23         I do have the three images that are named in
24 the indictment, your Honor, and I've shown them to
25 defense counsel.

```
1              THE COURT:  You said defense counsel --
2              MS. FITZGIBBON:  Yes.
3              MS. GRAHAM:  Yes, I have.
4              THE COURT:  -- has seen them?
5         Okay.  Thank you.
6              MS. FITZGIBBON:  Thank you, your Honor.
7              THE COURT:  Any exceptions, Ms. Graham?
8              MS. GRAHAM:  No, your Honor.
9              THE COURT:  Mr. Benoit, has anybody said
10   anything to you or done anything to you in any way to
11   force you or to threaten you into entering this guilty
12   plea?
13             THE DEFENDANT:  No.
14             THE COURT:  Do you have any questions about
15   anything that I have said to you or asked you up to this
16   point in time?
17             THE DEFENDANT:  No, I don't, your Honor.
18             THE COURT:  The Court finds that Mr. Benoit is
19   fully competent and capable of entering an informed
20   plea, he's aware of the charges against him, he's aware
21   of the rights that he's giving up, he's aware of the
22   consequences that can follow.  His plea is knowing and
23   is voluntary and it is supported by an independent basis
24   in fact with respect to material elements of these
25   offenses.  Therefore, the Court will accept his plea at
```

```
 1   this time.
 2            Do you waive the reading of the counts,
 3   Ms. Graham?
 4            MS. GRAHAM:  Yes, your Honor.
 5            THE CLERK:  Will the defendant please stand?
 6            To the indictment filed on July 11th, 2018,
 7   Count One charges you with transportation of child
 8   pornography in violation of Title 18 United States Code
 9   Section 2242(a)(1).  How do you plead to Count One?
10            THE DEFENDANT:  Guilty.
11            THE CLERK:  Count Two charges you with
12   possession of child pornography in violation of Title 18
13   United States Code Sections (a)(4)(B), how do you plead
14   Count Two?
15            THE DEFENDANT:  Guilty.
16            THE COURT:  The defendant is adjudged guilty
17   of these offenses and sentencing is scheduled for
18   March 6th, 2019, at 10:00 a.m.
19            What is the situation with respect to bail?
20            MS. FITZGIBBON:  Your Honor, the statute
21   does call for detention at this time under 18 U.S.C.
22   3143(a)(2).  Because of the nature of defendant's plea,
23   he should be detained at this time.
24            It's my understanding -- Attorney Graham and I
25   didn't really have specific discussions about this.  I
```

1   may have just assumed it was understood that detention
2   is usually called for at this time.
3              In light of that, your Honor, although the
4   government is asking you to detain him pursuant to the
5   statute, the government has no objection to a later
6   self-surrender date.
7              THE COURT:  Ms. Graham?
8              MS. GRAHAM:  Yes, your Honor.  We would ask
9   that he remain released.  He has been supervised, he's
10  been compliant during the process of being on
11  supervision.  He obtained a job and is working 40 hours
12  a week.  He has a bracelet that's monitoring him and he
13  also has a 5:00 p.m. curfew.
14             So I think all of those -- those mechanisms
15  are in place to make sure that he is supervised and will
16  come back to court for the sentencing day.
17             THE PROBATION OFFICER:  Good morning, your
18  Honor.
19             THE COURT:  Good morning.
20             THE PROBATION OFFICER:  That's correct.  I
21  spoke with the probation officer this morning and he
22  advised that he's in compliance and had no objection to
23  him being out.
24             THE COURT:  All right.
25             All right.  Then the defendant can remain on

```
 1   bail pending sentencing subject to all of the current
 2   terms and conditions.
 3            Do you understand, Mr. Benoit, that you have
 4   an obligation to continue to comply with the bail
 5   conditions and if you fail to do so, you can be detained
 6   pending your sentencing?
 7            THE DEFENDANT:  Yes, your Honor.
 8            THE COURT:  And you understand that you have
 9   an obligation to appear for sentencing and if you fail
10   to do so, you could be charged with another offense that
11   also carries a prison sentence?
12            THE DEFENDANT:  Yes, your Honor.
13            THE COURT:  All right.  Court will be in
14   recess.
15            MS. GRAHAM:  Thank you.
16            (Proceedings concluded at 10:27 a.m.)
```

C E R T I F I C A T E

     I, Liza W. Dubois, do hereby certify that the foregoing transcript is a true and accurate transcription of the within proceedings, to the best of my knowledge, skill, ability and belief.

Submitted: 5/22/19

*Liza W. Dubois*
Liza Dubois, RMR, CRR
Licensed Court Reporter No. 104
State of New Hampshire